St. Louis, Kennett & Southeastern Railroad Company *v.*

Fultz.

Opinion delivered June 28, 1909.

1. Negligence—proximate cause.—In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. (Page 262.)

2. Master and servant—accidental injury.—Where a brakeman, in attempting to alight from a moving freight car, caught his foot in a link hanging from the drawhead of the car, and was run over and killed, the injury was an accident for which the master was not responsible. (Page 262.)

Appeal from Clay Circuit Court, Eastern District; *Frank Smith,* Judge; reversed .

*R. H. Dudley,* for appellant.

The deceased was a man of more than ordinary intelligence and had had experience in this work. His act in voluntarily standing upon the drawhead of the moving log loader running at the rate of five or six miles an hour, and in jumping off into the center of the track immediately in front of the loader instead of getting off at the side where a place had been provided, was negligence *per se,* and the court should have so held as a matter of law. 14 L. R. A. 552; 88 Ark. 20; 72 Ark. 440; 69 Ark. 489; 128 Fed. 529.

*Lamb & Caraway,* for appellee.

1. Whether or not Fultz was guilty of contributory negligence was a question for the jury. 79 Ark. 53; 21 S. W. 503; 25 N. W. 104; 21 Pac. 574; 28 S. W. 54; 75 N. W. 704; 70 N. W. 665; 13 S. E. 566; 8 So. 357; 63 N. Y. Supp. 535; 76 N. E. 864.

2. If there was any rule requiring employees to get off at the side of the car, its observance was waived. 48 Ark. 333; 77 Ark. 405. The link in the drawhead was the proximate cause of the injury.

*R. H. Dudley,* for appellant in reply.

It was a physical impossibility for Fultz to have caught his foot in the link as it was hanging. One cannot by his own fault

and in disregard of his own safety bring on an injury and then recover for it.   36 Ark. 371; 81 Ark. 1.   It was Fultz' duty to take notice of the obvious danger of the position he assumed.   82 Ark. 11; 60 Ark. 438.

Battle, J.   This action was brought by Belle Fultz, as administratrix of Amberson A. Fultz, deceased, against the St. Louis, Kennett & Southeastern Railroad Company, in the Clay Circuit Court for the Eastern District of Clay County, to recover damages for the alleged negligent killing of the deceased by the defendant.

Plaintiff alleged her cause of action, in part, as follows: "That on the 9th of July, 1907, the said deceased was, and for a long time prior thereto, in the employ of the appellant railroad company in the operation of its trains, and on said date was employed as foreman of a logging crew in loading logs at or near Nimmons, Arkansas, and transporting the same by railway, to Kennett, Mo.   That, while said train of appellant, upon which deceased was foreman, was at Nimmons, and while the same was being backed from the main line into and upon a siding or switch, and the deceased was upon the top of the rear car of said train, and while the same was being backed in and upon said siding, it became the duty of said deceased to go from the top of said car to the ground for the purpose of opening or throwing a switch, so that said train could back from the main line into and upon the siding; that in the rear end of the car upon which deceased was riding, but in the front as the train was being backed into the siding, was a link and coupling pin used by said appellant company to connect said car with and to attach same to other cars operated by appellant.   That, as said deceased was getting down from the top of the car for the purpose of throwing the switch, his foot caught in the link of said car, causing him to fall to the ground, and to be run over and killed by said train of cars.   That said deceased, in attempting to get from the top of said cars for the purpose of throwing said switch, was acting in the discharge of his duties as such employee, and was performing such duties in the usual and ordinary way, and in the only manner provided by appellant for so doing."

The defendant answered.   A jury was impaneled to try the issues in the action.   In the trial which followed evidence was

adduced sustaining the foregoing allegations of the complaint, and it was shown that the link in the end of the drawhead was probably ten or twelve inches long, and at the time of the accident hung down, as witness expressed it, "something like a quarter angle," and the train was running about six miles an hour.

The jury returned a verdict in favor of the plaintiff for $2,000, and the defendant appealed.

The evidence failed to show that any negligence of the appellant was the proximate cause of the accident. "It is generally held that, in order to warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of attending circumstances." *Ultima Thule, Arkadelphia & Mississippi Railroad Company* v. *Benton*, 86 Ark. 289; *Pittsburg Reduction Co.* v. *Horton*, 87 Ark. 576. The catching of the foot of the deceased in the link, ten or twelve inches long, hanging in the drawhead of a car at, as a witness described, "a quarter angle," as he leaped from the train was improbable, and was one of the consequences that "ought not to have been foreseen in the light of the attending circumstances." It was an accident for which the appellant is not responsible.

Judgment reversed, and action dismissed on the merits.