St. Louis & San Francisco Railroad Company *v.* Whayne.

Opinion delivered July 8, 1912.

1. MASTER AND SERVANT—INJURIES TO SERVANT—PROXIMATE CAUSE.— Where a servant, while employed in repairing an engine, was injured by the rebound of a heavy side bar, one end of which was resting on the engine and the other on the ground, and which was being unloaded with a pinch bar, the method of unloading was not the proximate cause of his injuries. (Page 508.)

2. SAME—INJURIES TO SERVANT—QUESTION FOR JURY.—Whether the use of a pinch bar in removing a side rod which was resting against an engine was negligence which would sustain an action for an injury to a servant working on the engine, and whether he assumed the risk therefrom, were jury questions. (Page 509.)

3. SAME—INJURIES TO SERVANT—RESPONDEAT SUPERIOR.—A master is liable for injuries to a servant inflicted by the negligence of a fellow-servant. (Page 510.)

4. SAME—ASSUMED RISK.—A servant will not be held to have assumed a risk which he did not appreciate when he undertook the work in which he was engaged when he was injured. (Page 510.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans*, Judge; reversed.

*W. F. Evans* and *B. R. Davidson*, for appellant.

1. The company is not responsible for the accident. Whayne had authority over the whole gang, and the rods were

moved in the customary way. There being different methods to do the service, the company had a right to elect, and it was not negligence to so elect. 57 Ark. 76. No negligence is shown, and the custom was well known to plaintiff. *Id.* 26-28; 97 *Id.* 486; 87 *Id.* 511-513; 89 *Id.* 50.

2. The removal of the rod was not the proximate cause of the injury. 86 Ark. 289; 91 *Id.* 260; 94 U. S. 475; Labatt on Master & Servant, § 142; 53 Mich. 212; 53 *Id.* 274; 156 Fed. 234.

3. It was an accident purely. 77 S. W. 764; 86 *Id.* 289; Watson on Pers. Injury, 200; 74 N. E. 902; 3 Am. Neg. Rep. 485.

4. White was guilty of no negligence. He was not aware of Whayne's presence, and could not be required to anticipate the injury. 83 S. W. 68; 171 Fed. 410; Labatt on M. & S., § 147.

5. Plaintiff was guilty of contributory negligence. 74 Fed. 155-8; 171 *Id.* 410; 126 *Id.* 495.

6. An accident is no proof of negligence. 181 Fed. 91; 179 U. S. 658; 53 Mich, 212; 42 S. W. 679, 682.

*Sam R. Chew,* for appellee.

1. It was the negligence of the company that caused the injury. There was no contributory negligence, and the risk was not assumed. All these were determined by the jury under proper instructions. 67 Ark. 209; 77 *Id.* 458; 77 *Id.* 367; 56 *Id.* 206.

2. A servant does not assume any risks brought about by the negligence of the master. 77 Ark. 367; 67 *Id.* 209.

McCULLOCH, C. J. The plaintiff, W. W. Whayne, was employed by defendant as a machinist to repair and overhaul engines at the roundhouse and machine shops at Fort Smith, Arkansas. He was injured while engaged at work, and instituted this action to recover damages.

A disabled engine was brought into the yards for repairs, and the side bars, or rods, as they are called, had been disconnected and loaded on top of the tender. This had been done while the engine was out on the line, and it became necessary to take them down, and then to replace them on the engine when the work of repair was complete. These

rods were twelve feet long, six by nine inches in size, and weighed about seven hundred pounds. In the front end there was an oblong hole about five inches in size, and on the other end a hole nine by fifteen inches in size. Plaintiff called on Crawford, the foreman of the roundhouse, for men to remove the rods, and the latter told plaintiff to call a gang of men to do that work. The gang consisted of four rough laborers, working under a foreman, White by name, and plaintiff called them pursuant to the instructions from Crawford. There is a conflict in the testimony whether the gang worked under the orders of plaintiff as machinist or independently of him under the orders of Crawford. They proceeded to unload the side rods, and unloaded the first one by removing it through the gangway between the engine and tender. Another engine on an adjoining track was in the way of the removal of the other rod, and they attempted to unload it by throwing it off the back end of the tender. One end fell clear, but the small end rested on the end of the tank. In order to push it down, White got a pinchbar, and, putting it through a hole in the lower end, was engaged in pinching the rod away from the tender so as to allow the upper end to fall to the ground. When it fell, it rebounded with great force, and jerked the pinchbar out of White's hands, threw it over the tender, and struck plaintiff, who was at work on the tank and was in a stooping position removing some brass pieces. Plaintiff was not assisting in unloading the rods, but, as before stated, it is controverted whether or not he controlled White's gang of men who were doing the work. The pinchbar struck plaintiff with great force and inflicted a severe injury, for which the jury assessed damages in the sum of $2,000.

Negligence of White is charged in two particulars—one in unloading the rod by throwing it off the end of the tender, instead of removing it through the gangway, and the other in using a pinchbar to throw down the rod after the end lodged against the tender, instead of lowering it in some other way. The court submitted the case on both of those questions of negligence.

The defendant asked a peremptory instruction, and also asked an instruction taking away from the consideration of the jury the charge of negligence as to the manner of unloading

the rod by throwing it off the end of the tender. We are of the opinion that the court erred in refusing to take that question from the jury. Unloading the rod in that way had nothing to do with plaintiff's injury, and was therefore not the proximate cause thereof. The rod had been thrown from the tender, and one end was resting on the ground when plaintiff went up on the tank and took the position he was in when injured. He had, according to the testimony of his own witness, complained to White of the manner of throwing the rod off the tender, and knew when he went up on the tank that the rod had been thrown down in that way. The cause of his injury, which intervened after the rod had been thrown off the tender, was the use of the pinchbar, and the alleged negligence in that respect was the only question which should have been submitted to the jury. *Pittsburg Reduction Co.* v. *Horton*, 87 Ark. 576. It was prejudicial to defendant to refuse the instruction taking that question away from the jury, for the complaint contained an allegation of negligence in that respect, and the testimony necessarily included proof of the manner in which the unloading was done, and none of the instructions of the court excluded that question.

The instruction which the court gave submitted the case generally on the question of negligence, without specifying its character. In fact, the first instruction which the court gave indicated that there was more than one alleged ground of negligence for them to consider. We are unable to say which of the alleged grounds of negligence the jury based the verdict on. They may have found that it constituted negligence to throw the rod from the top of the tender, instead of taking it through the gangway, and erroneously concluded that that should be treated as the proximate cause of the injury. It is earnestly insisted that the use of the pinchbar by White did not constitute negligence, and, even if it was negligence, that the plaintiff assumed the risk of the danger. But we think those questions are properly for the jury to decide. The jury may have found, on the evidence adduced, that it was dangerous to move the heavy rod, one end of which was lodged against the side of the tender, by using a pinchbar in the way that White used it to throw the rod down,

and that it constituted negligence, which resulted in plaintiff's injury, to do so.

If White was not working under plaintiff's orders, then, under the doctrine of *respondeat superior*, defendant is liable for the injury thus inflicted; and, unless the plaintiff was aware of the negligence and appreciated the danger when he took his position on the tank, he did not assume the risk. *Chicago, Rock Island & Pacific Ry. Co. v. Harris,* 103 Ark. 509.

For the error indicated the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.