E. A. GARRISON v. HAROLD J. WILLIAMS, JR., ET AL

5-4937                                                    442 S.W. 2d 231

Opinion Delivered June 2, 1969
[Rehearing denied July 14, 1969.]

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellant.

*McMath, Leatherman, Woods & Youngdahl* for appellees.

J. FRED JONES, Justice. This is an appeal by E. A. Garrison from an order overruling his motion for judgment notwithstanding a jury verdict rendered against him in the Pulaski County Circuit Court, Second Division.

On June 21, 1965, Mr. Garrison entrusted his 1965 Thunderbird automobile to his minor son, Gary, then fifteen years of age, for the purpose of going to a picture show at the Park Theatre in North Little Rock. Gary's young friend, George Baugher III, also fifteen years of age, had been with Gary all day and was with him when the automobile was entrusted to Gary. The two boys had planned the trip to the theatre and knew that Pamela Williams, young Baugher's fourteen year old girl friend, would be at the theatre with a group of girls who had planned a bunking party at one of their homes following the show. Upon arrival at the theatre young Baugher immediately located Pamela sitting among her friends. He obtained the automobile keys from young Garrison and took Pamela for a ride in Mr. Garrison's Thunderbird automobile. There is some conflict in the testimony at this point, but in any event when young Baugher agreed to tell that he had stolen the automobile in the event of an accident or inquiry by the police, young Garrison surrendered the possession of the ignition keys to young Baugher and Pamela. Pamela says that she thought they were going to just sit in the auto-

mobile and talk while listening to the radio, but that young Baugher attempted to drive the automobile, lost control of it about two blocks from the theatre, and crashed into a concrete wall. The automobile was demolished and Pamela sustained serious injuries.

Mr. Williams filed suit in his own right for medical expenses and for Pamela for her personal injuries against Mr. Garrison and young Baugher. The complaint alleged facts constituting negligent entrustment on the part of Mr. Garrison, and willful and wanton negligence in the operation of the automobile on the part of young Baugher. The complaint alleged damages as a proximate result of the joint and concurring negligence of Mr. Garrison and young Baugher. Both Mr. Garrison and young Baugher answered by general denial. A jury trial resulted in a verdict against Mr. Garrison in favor of Pamela Williams for $5,500, and in favor of Mr. Williams for medical expenses in the amount of $1,-858.15. The jury found for George F. Baugher III on the complaint against him and judgment was entered accordingly.

On appeal to this court Mr. Garrison narrows the issues within the point he relies upon for reversal. He states the point as follows:

"The trial court erred in overruling appellant's motion for judgment notwithstanding the verdict."

In narrowing the issues within the point, appellant Garrison states:

"The sole question presented by this appeal is whether or not in a suit based upon the theory of negligence entrustment it is permissible for a jury to exonerate the driver of the borrowed automobile but at the same time find that the owner of the entrusted automobile is liable for plaintiff's damages. It is appellant's position that an examination of the

relevant authorities clearly shows that in cases of this nature in order for the owner to be held liable it is a condition precedent that the driver of the borrowed vehicle must be found to have been negligent and liable to the injured party.''

The appellant cites, and seems to rely heavily on, our 1937 decision in the case of *Chaney* v. *Duncan*, 194 Ark. 1076, 110 S.W. 2d 21, wherein we said, as quoted by the appellant:

"An automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If he intrusts it to a child of such tender years that the probable consequence is that he will injure others in the operation of the car, or if the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in entrusting the car to an incompetent person is deemed to be the proximate cause of the damage. *In such a case of mere permissive use, the liability of the owner would rest not alone upon the fact of ownership, but upon the combined negligence of the owner in intrusting the machine to an incompetent driver, and of the driver in its operation.*'' (Appellant's emphasis.)

In the *Chaney* case we also said:

"If Chaney was on a mission for his father, or was acting as the agent or servant of his father in driving the truck, his father would, of course, be liable for his negligence in operating the truck. But, *regardless of whether he was his father's agent or on a mission for him, if the father, knowing his habit of recklessness and incompetency because of drunkenness, permitted the son to drive the truck, and*

> *any injury occurred as a result of the son's negligence, the father would be liable."* (Our emphasis added.)

In the *Chaney* case we were talking about a common law liability which has never been repealed by statute. *Additional liability* has been added by statute, however, where the entrustee is a minor child or ward who is incompetent under the statute to drive an automobile.

Arkansas Statutes Annotated § 75-342 (Repl. 1957) provides as follows:

> "No person shall cause or knowingly permit his child or ward under the age of eighteen (18) years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in violation of any of the provisions of this act."

And Ark. Stat. Ann. § 75-343 (Repl. 1957) provides:

> "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this act."

By Act 495 of 1961, Ark. Stat. Ann. § 75-315 (Supp. 1967), the legislature authorized an instruction permit or driver's license for a child under 18 years of age upon the application of parents or responsible person (in the absence of parents) who will assume the responsibility imposed under the act. Subsections (c) and (d) of § 75-315 provide as follows:

> "If any person who is required or authorized by Subsection (a) of this Section to sign and verify the application of a minor in the manner therein provided, shall cause or knowingly cause or permit his child or ward or employee under the age of

eighteen (18) years to drive a motor vehicle upon any highway, then any negligence or wilful misconduct of said minor shall be imputed to such person or persons and such person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct. The provisions of this Subsection shall apply regardless of the fact that a driver's license may or may not have been issued to said minor. For purposes of this Act, a minor is hereby defined to be any person who has not attained the age of eighteen (18) years.

(d) The provisions of this Section shall apply in all civil actions, including but not limited to both actions on behalf of any actions against the person or persons required or authorized by Subsection (a) of this Section to sign the application in the manner therein provided.''

Thus it is seen that in addition to the common law liability, as expressed in *Chaney* v. *Duncan*, supra, there is additional vicarious liability imposed by statute upon those persons who come within the statute and violate its provisions.

There is no question that the appellant violated the statute. He admits that he entrusted the automobile to his fifteen year old son, Gary, and had done so before. He knew that young Baugher was with Gary when the entrustment was made and that they planned to use the automobile in going to a picture show theatre together. But, the appellant simply contends that the jury finding against him is inconsistent with the jury finding for the driver of his automobile in the same verdict and that a judgment entered thereon cannot stand.

This case was not submitted to the jury on interrogatories apportioning negligence as between the parties and the verdict was general in nature. Section 75-

315 (c) and (d), supra, impose vicarious liability on the parent who is required to sign the application for his minor child's driver's license whether he does so or not. Neither the appellant nor Baugher affirmatively alleged contributory negligence or assumption of risk in their answers to the complaint, and neither of them actually pleaded the guest statute in avoidance of liability. It seems admitted, however, that the appellee was the guest of young Baugher in appellant's automobile.

The court's instructions under which the jury rendered its verdict are not abstracted by the appellant, but at the request of the appellee the trial court gave to the jury AMI instruction 203 as the court's instruction No. 5, as follows:

"Harold J. Williams and Pamela Williams claim damages from E. A. Garrison and have the burden of proving each of four essential propositions:

First, that they have sustained damages;

Secondly, that E. A. Garrison was negligent in entrusting his automobile to his son, Gary Garrison;

Third, that George A. Baugher III the driver of the automobile, was guilty of operating the automobile wilfully and wantonly in disregard of the rights of others.

Fourth, that the negligence of E. A. Garrison and the operation of the automobile wilfully and wantonly in disregard of the rights of others by George A. Baugher III were proximate causes of plaintiffs damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for the plaintiffs against E.

A. Garrison; but if, on the other hand, you find from
the evidence that any of these propositions has not
been proved, then your verdict should be for E. A.
Garrison.''

The court gave as its instruction No. 6, AMI instruc-
tion 203, at appellees' request, as follows:

"Harold J. Williams and Pamela Williams
claim damages from George Baugher III and have
the burden of proving each of three essential propo-
sitions:

First, that they have sustained damages;

Second, that George A. Baugher III was guilty
of operating the automobile wilfully and wantonly
in disregard of the rights of others;

And third, that such operation of the automobile
wilfully and wantonly in disregard of the rights of
others was a proximate cause of plaintiffs' damages.

If you find from the evidence in this case that
each of these propositions has been proved, then
your verdict should be for the plaintiffs against
George A. Baugher III; but if, on the other hand,
you find from the evidence that any of these propo-
sitions has not been proved, then your verdict should
be for George A. Baugher III.''

The record contains only one instruction requested
by the defendant Baugher, and none at all requested by
the appellant. Baugher's requested instruction is des-
ignated court's instruction No. 15A, which is AMI 612,
and is as follows:

"The defendant George A. Baugher III con-
tends that Pamela Williams assumed the risk of her
own injuries. To establish that defense George A.

Baugher III has the burden of proving each of the following propositions:

First: That a dangerous situation existed which was inconsistent with the safety of Pamela Williams.

Second: That Pamela Williams knew the dangerous situation existed and realized the risk of injury from it.

Third: That Pamela Williams voluntarily exposed herself to the dangerous situation which proximately caused her claimed injuries.

If you find that all of these propositions have been proved by a preponderance of the evidence, then your verdict should be for George A. Baugher III. If, on the other hand, you find that any one of these propositions has not been proved by a preponderance of the evidence, the defense of assumption of risk on the part of George A. Baugher III would fail."

The trial court, at appellees' request, gave its instructions Nos. 10 and 11, AMI 501 and 502, as follows:

"The law frequently uses the expression 'proximate cause,' with which you may not be familiar. When I use the expression 'proximate cause,' I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

When the acts or omissions of two or more persons work together as proximate causes of damage to another, each of those persons may be found to be liable. This is true regardless of the relative degree of fault between them."

The trial court also gave AMI 609 and 601 as the court's instructions Nos. 14 and 15, at the request of the appellees, as follows:

"It is the duty of the owner of a motor vehicle to use ordinary care not to entrust it to a person who he knows or reasonably should know might permit it to be driven by an incompetent driver.

There was in force in the State of Arkansas at the time of the occurrence a statute which provided that no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under the statutes of the State of Arkansas. (Ark. Stat. Ann. § 75-343 [Repl. Vol. 1957])

A violation of this statute, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case."

The appellant does not complain of the instructions on this appeal, but simply contends that the appellant could not be liable until the jury first found young Baugher to be liable and appellant argues that the jury did not even find that young Baugher was negligent. We do not share appellant's view that the jury, by its general verdict, found that young Baugher *was not negligent*.

Under the court's instruction No. 5 it was necessary for the jury to find that Baugher was guilty of operating

the automobile willfully and wantonly in disregard for the rights of others in the actual operation of the automobile before the jury could find against the appellant. How then, inquires the appellant, could the jury find for the appellees against the appellant and not against Baugher under the instructions of the trial court. The answer lies in the court's instruction No. 15A, supra, requested by Baugher and given *as to him,* on the assumption of risk. The appellant requested no such instruction and no such instruction was given as to the appellant.

The jury could have found, and apparently from its verdict it did find, that although young Baugher was guilty of willful and wanton negligence, the appellee assumed the risk of riding with him and thereby waived her right to recovery against him. If such was the finding of the jury, then the question is whether the appellee's assumption of risk as to Baugher's driving inures to the benefit of appellant and protects him against liability for his own separate negligence in placing the automobile in the possession and exclusive control of his fifteen year old son in violation of the statute. Although Ark. Stat. Ann. § 75-315 (c) and (d), supra, imputes the negligence or willful misconduct of a minor in possession of an automobile to the parent owner who places the minor in possession, the statute does not transfer to the owner, as a bar against his own negligence, all of the defenses the driver of such automobile may have against lawsuits for injuries to third parties.

As to the proximate cause and causal connection between the negligent operation of the automobile by young Baugher and the negligence of the appellant in entrusting the automobile to his fifteen year old son, it has been uniformly held that, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence and that it ought to have been foreseen in the light of the attending circumstances.

*Meeks* v. *Graysonia, Nashville & Ashdown R. Co.*, 168 Ark. 966, 272 S.W. 360; *Pittsburg Reduction Co.* v. *Horton*, 87 Ark. 576, 113 S.W. 647, 18 L.R.A.N.S. 905; *St. L. & S. F. R. Co.* v. *Whayne*, 104 Ark. 506, 149 S.W. 333; *St. L. Kennett & S. E. Rd. Co.* v. *Fultz*, 91 Ark. 260, 120 S.W. 984; *Hays* v. *Williams*, 115 Ark. 406, 171 S.W. 882; and *Bona* v. *Thomas Auto Co.*, 137 Ark. 217, 208 S.W. 306.

A short excerpt from the appellee Pamela's testimony is somewhat revealing on this point. She testified that Gary had let Harold King, Claudia Muller, Sherry Odom and others drive the car and then testified: "Gary was the only one who had a car and he had it every Sunday or every other Sunday and we would all sit in the car and talk. . ."

"Q. . . . When did you and George decide to go outside?

A. In the theatre we decided to go outside and get in the car and talk and Gary handed me the keys and I thought well, a '65 Thunderbird he'd keep it locked, and I just thought that was what it was for. And we were sitting in the car and he put the keys in the ignition and I thought we were going to listen to the radio and he started the car and I had seen him drive a Volkswagen before and so I just took it for granted that he could drive and then when he started the car up, it was power brakes and power steering, and there's a difference in driving a Volkswagen and when he applied the brakes to stop at a stop sign he hit them real hard and it killed the car and it started rolling, almost hit a tree then and that's when I decided I wanted to get out of the car.

\* \* \*

Q. Then what happened?

> A. Well, it was raining and the streets were real
> slick and when he went to turn the curve it—he
> turned the wheel too far and it started fish tail-
> ing and we started going into the wall and that's
> when I screamed.''

We conclude that the jury could have found that the appellant should have foreseen the natural and probable consequence of his negligence under the attending circumstances in this case.

The Arkansas guest statute, Ark. Stat. Ann. § 75-913 (Repl. 1957) provides as follows:

> ''No person transported as a guest in any auto-
> motive vehicle upon the public highways or in air-
> craft being flown in the air, or while upon the
> ground, shall have a cause of action against the
> owner or operator of such vehicle, or aircraft, for
> damage on account of any injury, death or loss oc-
> casioned by the operation of such automotive ve-
> hicle or aircraft unless such vehicle or aircraft was
> wilfully and wantonly operated in disregard of the
> rights of others.''

The Kansas case of *Bisoni* v. *Carlson*, 237 P. 2d 404, was very much like the case here, on the principal points involved, and under similar statutory provisions. In that case an administrator brought suit for the wrongful death of a sixteen year old youth named Bisoni, against Clayton D. Carlson and his father, A. J. Carlson. A demurrer was sustained to the complaint by the trial court. It was alleged in the complaint that the decedent, Bisoni, and several other boys, were invited by young Carlson to take a ride in a 1933 Ford automobile owned by his father, A. J. Carlson, the automobile having defective steering apparatus and defective brakes. The complaint then alleged that young Carlson drove the automobile in such manner as to constitute willful and wanton negligence and as a result he lost control of the auto-

mobile causing Bisoni to suffer the injuries from which he died. The complaint alleged that A. J. Carlson knew, or had reasonable cause to know, of his son's negligence and careless disposition, and that he negligently allowed young Carlson to drive and operate the automobile. The counsel for appellant argued that the complaint was ample, if established, to hold A. J. Carlson liable *either under the rules of the common law or under the statute*. Counsel for appellee admitted that if it were not for the guest statute, the complaint stated a cause of action against A. J. Carlson, but he contended that unless the plaintiff, under the allegations of the complaint, was entitled to recover against the defendant driver, Clayton D. Carlson, under the guest statute, he would not be able to recover from either of the defendants. The statute relied upon by the appellant read as follows:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

In reversing the trial court, the appellate court said:

"Statutes of this kind extend the common law rule of liability of the owner. They have been sustained as a valid exercise of the police power and have been applied in harmony with their terms to the facts alleged or established. *The negligence of A. J. Carlson occurred when he permitted his son, Clayton, to use the car on the highways, although the amount of his liability would be measured by the extent of the damages resulting from the negligence of Clayton in driving the car.* (Emphasis supplied.) The statute as applied here makes A. J. Carlson and Clayton *'jointly and severally liable'* for such damages.

* * *

... here we have a statute fixing a *severable liability*. We thing the word 'severally' in the statute cannot be ignored. (Emphasis supplied.)

Here the tort was not jointly committed. A. J. Carlson committed his wrong when he consented to Clayton D. Carlson driving the car, and Clayton D. Carlson having committed his wrong later when he was driving it. A. J. Carlson had previously made himself liable for any damages caused by Clayton's negligence.

G. S. 1949, 8—122b, relied upon by appellees, reads: 'That no person who is transported by the owner *or operator* of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner *or operator* for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle. (Our italics.)'

Counsel for appellant contend that the only 'owner' mentioned in this statute is the one who *is transporting* a person who claims damages. That conclusion seems to be justified by the language of the statute, as seems clear by omitting the words we have italicized, 'or operator,' in the two places where they occur. In this interpretation the statutes are not conflicting. We think the result is that A. J. Carlson is liable under G. S. 1949, 8—222, and that G. S. 1949, 8—122b, does not limit that liability.''

It will be noted that under the 1961 Act, Ark. Stat. Ann. § 75-315, supra, the liability of the owner of an automobile under subsection (c) is not limited to the negligence of the minor *when driving a motor vehicle up-*

*on the highway,* nor is it limited to negligence or willful misconduct of such minor *in the operation of a motor vehicle.* On the contrary, § 75-315 (c), supra, provides that where a parent knowingly causes or permits his child under the age of eighteen years to drive a motor vehicle upon any highway then the *negligence* or *willful misconduct* of said minor shall be imputed to such parent and he "shall be jointly and *severally* liable with such minor for any damages caused by such *negligence or willful misconduct.*"

The jury apparently found that the appellee assumed the risk of the willful and wanton negligent conduct of young Baugher and thereby waived her right of recovery against him. The jury did not find, nor were they requested to find, that the appellee assumed the risk of appellant's own wrongful act of negligent and unlawful entrustment and we are unable to say, that as a matter of law, she waived her right of recovery against him.

The judgment is affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice. I concur only because appellant is in no position to complain of inconsistent verdicts. The "assumed risk" instruction was given as to Baugher. It was not requested by Garrison. Thus, a defense available to Baugher was not available to appellant.