Christopher M. LeCLAIRE *v.* COMMERCIAL SIDING
AND MAINTENANCE COMPANY

91-276                                    826 S.W.2d 247

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Robert S. Blatt* and *William J. Kropp, III*, for appellant.

*Warner & Smith*, by: *Gary W. Udouj,* for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether the complaint of the appellant, Christopher M. LeClaire, stated facts upon which relief can be granted. LeClaire sued the appellee, Commercial Siding and Maintenance Company (Commercial), for damages for personal injury allegedly resulting from negligent entrustment of a motor vehicle. The Trial Court granted Commercial's motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6). We hold the complaint stated facts upon which relief can be granted.

The complaint alleged that Commercial owned the vehicle in which LeClaire was a passenger when the injury occurred. Commercial had entrusted the vehicle to its employee, Garcia, who became intoxicated and further entrusted the vehicle to another person. The unnamed driver "was negligent in that he failed to keep the vehicle under proper control; failed to keep a proper lookout; was driving too fast for conditions; and was operating said vehicle under the influence of intoxicants." It was further alleged that Commercial was negligent in failing to

supervise Garcia and that prior to entrusting Garcia with the vehicle it knew, or should have investigated and learned, that Garcia "frequently became intoxicated" and had moving traffic violations. The complaint concludes by alleging that LeClaire was thrown from the rear of the vehicle and sustained injuries.

### 1. Respondeat superior

LeClaire argues the complaint stated facts upon which relief can be granted for negligent entrustment of the vehicle. In the alternative he argues it stated facts upon which relief can be granted pursuant to the *respondeat superior* theory of vicarious liability. When a defendant employer generally denies liability a plaintiff may be permitted to pursue both the negligent entrustment and *respondeat superior* theories. *See Elrod* v. *G. & R. Construction Co.*, 275 Ark. 151, 628 S.W.2d 17 (1982).

■ We agree, however, with Commercial's response on this point. The complaint states that Garcia was entrusted with Commercial's vehicle, that Garcia was Commercial's employee, and that Garcia entrusted it to another who drove it in Scott County and caused the injury to the passenger. It does not state facts from which it can be determined whether Garcia was acting within the scope of his employment, *see, e.g., National Bank of Commerce of El Dorado* v. *HCA Health Services of Midwest, Inc.*, 304 Ark. 55, 800 S.W.2d 694 (1990), or acting in furtherance of Commercial's interest, *see, e.g., Orkin Exterminating Co.* v. *Wheeling Pipeline, Inc.*, 263 Ark. 711, 576 S.W.2d 117 (1978), when he allegedly entrusted the vehicle to the unnamed driver. As we cannot sustain the complaint on the basis of *respondeat superior*, the sole question to be answered remains whether facts were stated upon which relief for negligent entrustment can be granted.

### 2. Negligent entrustment

■ The elements of a claim of negligent entrustment are stated in *Arkansas Bank & Trust Co.* v. *Ervin*, 300 Ark. 599, 781 S.W.2d 21 (1989). There must be proof that (1) the entrustee was incompetent, inexperienced, or reckless, (2) the entrustor knew or had reason to know of the entrustee's condition or proclivities, (3) there was an entrustment of the chattel, (4) the entrustment created an appreciable risk of harm to the plaintiff and a

relational duty on the part of the defendant, and (5) the harm to the plaintiff was proximately or legally caused by the negligence of the defendant. The dispute here is focused on the third, fourth, and fifth elements.

### a. Entrustment

LeClaire argues the complaint clearly states that a vehicle was entrusted by Commercial to Garcia. Commercial argues there is no statement that a vehicle was entrusted by Commercial to the unnamed driver who caused the injury.

While Commercial's response is factually unassailable, it is not relevant to LeClaire's allegation that Commercial should be responsible for its entrustment to Garcia.

### b. Appreciable risk, relational duty, proximate cause

LeClaire contends he alleged an appreciable risk by stating that Commercial entrusted the vehicle to Garcia while knowing or being under a duty to learn that Garcia frequently became intoxicated and had committed moving traffic violations. He argues he adequately alleged a duty on the part of Commercial not to have entrusted the vehicle to Garcia because, from the facts stated, foreseeability that injury was likely to result could readily be inferred.

The real rub in this case is the fact that it involves two entrustments. That is not a bar to recovery. 3 L. Lindahl, *Modern Tort Law Liability and Litigation*, § 34.06 (1988). Other jurisdictions have recognized that an original entruster may be liable for negligence in entrusting a chattel to one who further entrusts it, resulting in injury. We have decided a case on point, which we will discuss below, the United States Court of Appeals for the Eight Circuit has corrected analysed our law to that effect in *Collins* v. *Arkansas Cement Co.*, 453 F.2d 512 (1972), and compatible cases decided by courts in other states are cited in H. Woods, *Negligent Entrustment Revisited; Developments 1966-76*, 30 Ark. L. Rev. 288 (1976).

Commercial attempts to distinguish a case cited in Judge Woods' article, *Stafford* v. *Far-Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo. App. 1972), on the ground that the ultimate entrustee was in the vehicle with the knowledge or consent of the original

entrustor when the vehicle was entrusted to the first entrustee.

We fail to see how knowledge of, consent to, or even approval by the original entrustor of the presence of the person to whom the chattel is ultimately entrusted makes a difference if liability of the original entrustor is predicated upon negligence in entrusting the chattel to the original entrustee.

Commercial also cites *Mason v. Powell*, 88 S.E.2d 734 (Ga. App. 1955), a case in which a mother allegedly allowed her son to use her car knowing he would operate it while intoxicated. He allegedly did so and allowed another incompetent driver to operate the car which caused a crash and injuries to the plaintiff. It was held that a demurrer should have been sustained as to the claim against the mother because there was no connection between the intoxication of the son and the injuries to the plaintiff. While the opinion does not mention the negligent entrustment doctrine as such, the Court did recognize the mother might have been liable for allowing her son to drive drunk. To the extent the Georgia Court of Appeals held as a matter of law that the son's alleged negligent entrustment could not have been the result of the mother's negligent entrustment and the cause of the injury, we must disagree, and we have held to the contrary.

In *Garrison v. Williams*, 246 Ark. 1172, 442 S.W.2d 231 (1969), we affirmed a judgment against Garrison rendered on the basis that he entrusted a vehicle to his son, Gary, who then entrusted it to another youngster named Baugher who caused an accident injuring Williams's daughter who was a passenger when Baugher was driving after having been given the keys by Gary. Williams sued both Garrison and Baugher. The jury returned a verdict in favor of Williams with respect to his claim against Garrison but against Williams with respect to his claim against Baugher.

On appeal, Garrison argued his motion for judgment notwithstanding the verdict should have been granted because if Baugher was not negligent Garrison should not have been held liable. We concluded the jury could have found in favor of Baugher on the ground that Williams's daughter assumed the risk when she rode with him.

With respect to the claim against Garrison, we noted the

existence of Ark. Stat. Ann. § 75-315(c) and (d) imputing liability to a parent who allowed a child to drive a motor vehicle, making the parent jointly and severally liable for negligence of the child. A current (somewhat different) version of the statute appears at Ark. Code Ann. § 27-16-702(b) (Supp. 1991). We clearly did not decide the *Garrison* case on the basis of the imputed liability provision of the statute. Rather, we noted only that the existence of the statute did not in any way absolve the owner of the vehicle (the entrustor) of his own negligence. The Trial Court did not instruct on that statute, although it did instruct on two other statutes, now codified as Ark. Code Ann. §§ 27-16-304 and 27-16-305 (1987), which make it a violation of the motor vehicle code knowingly to permit a person not authorized to operate a vehicle on the highway to do so. Violation of these latter statutes was instructed as some evidence of Garrison's negligence.

Our discussion with respect to Garrison's liablity thus was strictly of negligent entrustment. We held it was proper for Mr. Garrison to be held liable for negligent entrustment which resulted in his child, in turn, negligently entrusting the vehicle to another youngster who did not know how to drive. Addressing the matter of proximate cause, we held the evidence supported the conclusion that the father should have foreseen the "natural and probable consequence of his negligence." Here are some additional quotations of the opinion:

> As to the proximate cause and causal connection between the negligent operation of the automobile by young Baugher and the negligence of the appellant in entrusting the automobile to his fifteen year old son, it has been uniformly held that, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence and that it ought to have been foreseen in the light of the attending circumstances. [Citations omitted.]

> \* \* \*

> We conclude that the jury could have found that the appellant should have foreseen the natural and probable consequences of his negligence under the attending cir-

cumstances in this case.

* * *

The jury apparently found that the appellee assumed the risk of the willful and wanton negligent conduct of young Baugher and thereby waived her right of recovery against him. The jury did not find, nor were they requested to find, that the appellee assumed the risk of appellant's own wrongful act of negligent and unlawful entrustment and we are unable to say, that as a matter of law, she waived her right of recovery against him.

■ We conclude the complaint stated facts upon which relief could be granted for negligent entrustment.

Reversed and remanded.

HOLT, C.J., and HAYS and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. I respectfully dissent. Arkansas has recognized the well-settled rule of negligent entrustment, especially as it applies to automobiles. AMI 609; *see generally* Woods, *Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability*, 20 Ark. L. Rev. 101 (1966), and Woods, *Negligent Entrustment Revisited; Developments 1966-76*, 30 Ark. L. Rev. 288 (1976); *see also Arkansas Bank & Trust Co.* v. *Erwin*, 300 Ark. 599, 781 S.W.2d 21 (1989). That theory of recovery, in my view, was never intended to cover facts such as those presented here.

Under the negligent entrustment theory, the owner here, Commercial Siding & Maintenance Company (Commercial), was required to use ordinary care not to permit its vehicle to be driven by a person whom it knew, or reasonably should have known, to be intoxicated, had a habit of being intoxicated, or to be an incompetent or reckless driver. In his second amended complaint, appellant added the following paragraph in an attempt to show his injuries resulted from Commercial's negligent entrustment of allowing its employee, Daniel Garcia, to operate Commercial's truck:

That the Defendant, Commercial Siding and Maintenance Company, was negligent in entrusting said vehicle to Daniel Garcia when they knew or should have known that

Daniel Garcia was immature, reckless, and was not a mature, responsible person. The Defendant, Commercial Siding and Maintenance Company, was negligent in entrusting said vehicle to Daniel Garcia without providing continual and constant supervision of said Daniel Garcia. The Defendant, Commercial Siding & Maintenance Company, was negligent in entrusting the vehicle to Daniel Garcia without having furnished Daniel Garcia with written rules and instructions and regulations concerning his being entrusted with said vehicle. The Defendant, Commercial Siding and Maintenance Company, was negligent in that they did not make a prudent inquiry into Daniel Garcia's background prior to hiring said Daniel Garcia and prior to entrusting said vehicle to his person. *The Defendant, Commercial Siding and Maintenance, knew, or had they made prudent inquiry, should have known that Daniel Garcia frequently became intoxicated on alcoholic beverages and that he had other characteristics such as moving traffic violations and, therefore, their entrustment of said vehicle to him was negligent.* (Emphasis added.)

Actually, in reading appellant's amended complaint, I find it somewhat difficult to determine where the negligent entrustment lies. There is no recitation of facts in the complaint that reflects Garcia was intoxicated when he was entrusted with Commercial's truck. Nor does the complaint allege Garcia had a habit of driving while intoxicated. The complaint does allege that Commercial should have known Garcia frequently became intoxicated, but it in no way relates the problem to driving. Appellant also mentions that Garcia "had other characteristics such as moving traffic violations," and while I am unsure exactly as to the meaning of the phrase, it does not spell out that Garcia was an incompetent or reckless driver. In sum, the appellant's complaint, in my view, falls short of setting out facts sufficient to show Commercial, as entrustor, knew or had reason to know of Garcia's proclivity to be intoxicated when driving a motor vehicle; nor was he alleged to be an incompetent or reckless driver.

Even if I could agree the appellant's complaint properly alleged negligent entrustment on the part of Commercial, I

believe the majority has extended the doctrine beyond its intended purpose. The majority opinion relies on *Garrison* v. *Williams*, 246 Ark. 1172, 442 S.W.2d 231 (1969), where the entrustor let his fifteen-year-old unlicensed son take the family car knowing the son was going to the theater with another fifteen-year-old unlicensed minor. The son later let his companion have the car in order to take the companion's girlfriend on a ride, and while so engaged, the girl was injured. This court upheld the girls' verdict against the entrustor holding that the jury could have found that the car owner should have foreseen the natural and probable consequence of his negligence under the above-described circumstances.

In the present case, Commercial had no knowledge, nor should it have had under the facts alleged, that Garcia would turn possession of Commercial's truck to another. Certainly, appellant alleges no facts that Commercial was aware of any possible companions whom it might surmise would relieve Garcia of his driving. Garcia is not alleged to have had any history of anyone accompanying him in Commercial's truck for any purpose. In terms of what comprises a negligent entrustment case, Commercial's entrustment cannot be said to have created an appreciable risk of harm to the appellant nor is it indicated, by the facts alleged, that a relational duty existed on the part of Commercial.

In his 1976 article, James Woods cited several cases (including the *Garrison* case relied on here by the majority) bearing on the point that, when considering the entrustor's knowledge, the entrustment does not have to be specific before an injured party can recover. *Davis* v. *Denby*, 212 Va. 836, 188 N.E.2d 226 (1972); *Stafford* v. *Far-Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo. App. 1972); *Garrison*, 246 Ark. 1172, 442 S.W.2d 231. Instead, the entrustor's liability could be established by his simply engaging in a course of conduct that permitted an incompetent to secure possession of the instrumentality or motor vehicle. But even in these cited cases where the negligent entrustment doctrine has been extended, the entrustor's *knowledge* of his entrustee-employee's or agent's incompetence was a predicate in drawing the entrustor's liability into issue.

Particularly instructive is the *Stafford* decision, where the trucking company employed a driver, Mr. Perry. After obtaining

permission from the company, Perry hired, at his own expense, the services of Roberts, an escaped convict. Neither the company nor Perry knew Roberts was a convict, but Perry did know. Roberts had no driver's license and had no experience in driving the type truck involved. Perry later gave the keys to the truck to Roberts, who drove it away only to later ram it into the plaintiff's building. The Missouri Court of Appeals, among other things, held that the company knew, or the jury could find it knew, that (1) Roberts was on its equipment (truck) as a helper with its driver, (2) the company had consented to and approved such arrangement, and (3) the incompetent, unskilled and unlicensed Roberts might have an accident with the truck if entrusted with it by the company's driver, who had knowledge of Roberts' deficiencies.

From reading the case cited in Judge Woods' article and my own research, I am unaware of any authority where liability attached against an entrustor in a negligent entrustment situation where a person, unknown to and unauthorized by the entrustor, obtained possession of the entrustor's motor vehicle from its employee or agent. As I noted earlier, the *Garrison* decision relied on by the majority for this proposition is not such authority, and the majority opinion cites no other.

For the reasons above, I would affirm the trial court's dismissal of appellant's complaint.

HOLT, C.J., and HAYS, J., join in this dissent.