R. A. PLUMMER, JR., ADMINISTRATOR OF THE ESTATE OF ROBERT MICHAEL PLUMMER, DECEASED v. WILLIAM ALLEN HENRY, BY HIS GUARDIAN AL LITEM, JAMES E. ROBERTS, AND WHIT CLIFFORD HENRY

No. 6919SC113

(Filed 31 December 1969)

### 1. Automobiles § 108— family purpose doctrine

The family purpose doctrine is an extension of the principle of *respondeat superior* by which the negligence of the driver is imputed to the family member who furnishes and controls the use of the vehicle.

### 2. Automobiles § 98— negligent entrustment of automobile

Under the theory of negligent entrustment the owner is held liable, not for any imputed negligence, but by reason of his own independent and wrongful breach of duty in entrusting his automobile to one he knows or should know is likely to cause injury; proof of negligence of the driver merely furnishes the causal connection between the primary negligence of the owner and the injury or damage.

### 3. Automobiles § 98— accident case — allegation of negligent entrustment of automobile — punitive damages — family purpose doctrine

Where the plaintiff in an automobile accident case alleged (1) that the defendant-owner was liable for the negligence of his son, the defendant-driver, under the family purpose doctrine and (2) that the defendant was also liable for compensatory and punitive damages, on the theory of negligent entrustment, in wilfully and wantonly permitting his son to operate an automobile with a souped-up engine in the vicinity of a public school, a stipulation by defendants father and son admitting agency under the family purpose doctrine does not constitute an admission by them of wilful and wanton conduct on the part of defendant-owner in entrusting the vehicle to his minor son, and the trial court was not warranted in striking as irrelevant and prejudicial plaintiff's allegations and prayer for recovery of punitive damages on the theory of negligent entrustment, since such allegations, if proved, would entitle plaintiff to the recovery of punitive damages for the owner's own negligence.

### 4. Damages § 11— punitive damages — wanton conduct

Punitive damages are recoverable for wanton conduct, which is in conscious and intentional disregard of and indifference to the rights and safety of others.

**5. Arrest and Bail § 13;　　Automobiles § 43—　accident case — pleadings — grounds for arrest**

Although it is appropriate for a plaintiff to allege in his complaint facts upon which the remedy of arrest may be sustained, an allegation by a plaintiff in an automobile accident case that the wilful and wanton conduct of the defendants prior to the accident "constitutes one of the causes of action whereby a defendant may be arrested" is merely a conclusion of law and should not be included in the complaint.

**6. Pleadings § 1—　rewriting of pleadings — trial court**

It is error for the trial court to rewrite any part of plaintiff's complaint for him.

On Writ of *Certiorari* to review an order of *Collier, J.,* August 1968 Session of CABARRUS Superior Court.

This is a civil action in which plaintiff seeks to recover compensatory and punitive damages for personal injuries and pain suffered by his intestate prior to death allegedly caused by the willful and wanton acts of negligence on the part of the defendants. In his complaint plaintiff alleged: That at 8:20 a.m. on 12 September 1966 his intestate, age 10, was struck and injured as he was crossing Swink Street in front of Hartsell School in Cabarrus County, N. C., by an automobile owned by the defendant Whit Clifford Henry, and being operated by the owner's 20 year old son, the defendant William Allen Henry; that the automobile was being operated with the consent and approval of the owner-defendant and as a family purpose automobile; and that the injuries to plaintiff's intestate were proximately caused by particularly described willful and wanton acts of negligence on the part of the driver-defendant.

In addition, plaintiff alleged in paragraphs 8, 10 and 13 of the complaint as follows:

"8. That the plaintiff is informed and believes and, upon such information and belief, alleges that the defendant Whit Clifford Henry knew or ought to have known that his son William Allen Henry was driving said Ford automobile in the area in front of Hartsell School on Swink Street in a careless, reckless, negligent and unlawful manner and in a way and manner likely to endanger the safety of children in and about said school; that his son had regularly and habitually operated the automobile belonging to the defendant Whit Clifford Henry, in and around said school grounds, especially while the children were going to and from school, but that, in spite of said knowledge, defendant Whit Clifford Henry knowingly, willfully, and wantonly, continued to permit his son William Allen Henry to

operate said Ford automobile upon the public streets in and around said school without restriction, and said willful and wanton acts and conduct of the defendant Whit Clifford Henry concurred with the aforesaid acts and conduct of the defendant William Allen Henry, causing the injuries to the plaintiff's intestate as set forth hereinafter."

"10.   That the injuries to the plaintiff's intestate were due, caused and occasioned by, and followed as a direct and proximate result of the willful, wanton and reckless acts and conduct of the defendant Whit Clifford Henry in that he did continue to permit his motor vehicle to be operated upon the public highways of this State by his son when he knew or ought to have known that his son was operating said automobile in school zones in a careless and reckless manner and that his son was endangering the safety and lives of small school children, and did fail to advise or warn his son that he was not to drive said defendant's automobile in and around school zones in such a way and manner as to endanger the lives of said school children and that said defendant did, with full knowledge of his son's driving habits, alter the engine of said automobile so as to increase the speed of said automobile and did willfully and knowingly entrust the 'souped-up' vehicle to his son."

"13.   That the aforesaid specific acts and negligence, as set forth in paragraphs 9 and 10 above, were willfully, wantonly, maliciously and intentionally conceived, planned and executed by the defendants, contrary to the laws and dignity of this State and that the injuries to the plaintiff's intestate and the damage sustained by the plaintiff were willfully, wantonly and maliciously inflicted upon the plaintiff's intestate by the defendants; and said willful, wanton and malicious acts and conduct on the part of the defendants, and each of them, constitutes one of the causes of action whereby a defendant may be arrested as provided by Chapter 1, Article 34, of the General Statutes of North Carolina."

The prayer for relief in plaintiff's complaint was as follows:

"WHEREFORE, the plaintiff prays that he have and recover of and from the defendants, jointly and severally, the sum of Two Thousand ($2,000.00) Dollars for the personal injuries to the plaintiff's intestate; the sum of Five Thousand ($5,000.00) Dollars punitive damages; the costs of this action to be taxed by the Clerk; and such other and further relief as may be just and proper."

The defendants filed motion to strike portions of the complaint, including all of paragraphs 8, 10 and 13, stipulating in their motion that any negligence on the part of the driver-defendant is imputable as a matter of law to the owner-defendant under the family purpose doctrine and under the doctrine of *respondeat superior*. Prior to hearing on their motion to strike the defendants filed answer, subject to such motion, in which they admitted the automobile was owned and operated as a family purpose automobile.

After hearing, the superior court judge entered an order striking from the complaint all of paragraphs 8 and 10 and the words "joint and concurring" in paragraph 11. The order also amended paragraph 13 and the prayer for relief to read as follows:

"'13.   That the aforesaid specific acts and negligence as set forth in paragraph 9 above were willfully, wantonly, maliciously and intentionally conceived, planned, and executed by the defendant William Allen Henry, contrary to the laws and dignity of this State and that the injuries to the plaintiff's intestate and the damage sustained by the plaintiff were willfully, wantonly and maliciously inflicted upon the plaintiff's intestate by the defendant William Allen Henry.' "

"'WHEREFORE, the plaintiff prays that he have and recover of and from the defendants, jointly and severally, the sum of Two Thousand ($2,000.00) Dollars for the personal injuries to the plaintiff's intestate; the sum of Five Thousand ($5,000.00) Dollars punitive damages of and from the defendant William Allen Henry; the costs of this action to be taxed by the Clerk, and such other and further relief as may be just and proper.' "

Plaintiff excepted and petitioned the Court of Appeals for certiorari to review the trial court's order, which was allowed.

*Hartsell, Hartsell & Mills, by K. Michael Koontz and William L. Mills, Jr., for plaintiff appellant.*

*Carpenter, Webb & Golding, by Michael K. Gordon for defendant appellees.*

PARKER, J.

[1, 2]   Plaintiff alleged facts sufficient, if proved, to support a verdict against the owner-defendant, who in this case was father of the driver-defendant, on two theories: First, under the "family purpose doctrine," and second, on the theory of negligent entrustment.

North Carolina recognizes both. *Grindstaff v. Watts*, 254 N.C. 568, 119 S.E. 2d 784 (family purpose); *Roberts v. Hill*, 240 N.C. 373, 82 S.E. 2d 373 (negligent entrustment). The family purpose doctrine is an extension of the principle of *respondeat superior* by which the negligence of the driver is imputed to the family member who furnishes and controls the use of the vehicle. Under the negligent entrustment theory the owner is held liable, not for any imputed negligence, but by reason of his own independent and wrongful breach of duty in entrusting his automobile to one he knows or should know is likely to cause injury; proof of negligence of the driver merely furnishes the causal connection between the primary negligence of the owner and the injury or damage. *Roberts v. Hill, supra.*

[3]    In the present case, the order appealed from strikes from plaintiff's complaint all allegations on which plaintiff seeks recovery of compensatory and punitive damages from the owner-defendant under the negligent entrustment theory. The defendants-appellees, seeking to sustain the order, contend that their stipulation that any negligence of the driver-defendant is imputable as a matter of law to the owner-defendant under the family purpose doctrine has rendered all allegations in the complaint as to negligent entrustment irrelevant and prejudicial, citing *Heath v. Kirkman*, 240 N.C. 303, 82 S.E. 2d 104. In that case the plaintiff sued both the driver and the owners of the vehicle which caused his injuries, alleging the driver was acting as agent and employee of the owners. In addition, in subparagraph (d) of paragraph XII of the complaint, plaintiff alleged that the owners were themselves negligent in retaining the driver in their employ and in entrusting to him the operation of their vehicle, a wrecker, "knowing of his reckless habits and disposition in the operation of motor vehicles generally and of their wrecker in particular." The trial court refused to strike these allegations relative to negligent entrustment, but did strike from the complaint an allegation that the driver, due to his reckless propensities known to his employers, had acquired the nickname "Wild Bill." On appeal the Supreme Court, in an opinion written by Bobbitt, J. (now C.J.), affirmed these rulings. The opinion recognizes the negligent entrustment theory as applicable in the State of North Carolina, and then goes on to state:

". . . This principle is applicable only when the plaintiff undertakes to cast *liability* on an owner not otherwise responsible for the conduct of the driver of the vehicle. But evidence of reputation for negligence or of acts of negligence on prior unrelated occasions is not competent to show that the driver was negligent on the occasion of plaintiff's injury. . . ."

The opinion approved the ruling striking out the allegations relative to the driver's nickname, but also expressly approved the retention in the complaint of subparagraph (d) of paragraph XII, which contained the allegations relative to negligent entrustment. Charting the further course of the litigation, the opinion then contains the following:

> "The allegations of the complaint are explicit to the effect that Atkins on the occasion of plaintiff's injury was acting within the scope of his employment by his codefendants and in furtherance of their business. Of course, we cannot assume that such allegations of agency will be admitted when answers are filed. If admitted, the *liability* of the defendant employers would rest upon *respondeat superior;* and subparagraph (d) of paragraph XII would become irrelevant and prejudicial and should be stricken upon motion then made. On the other hand, if the allegations invoking *respondeat superior* are denied, the plaintiff should be allowed to amend his complaint so as to allege additional ultimate facts, such as indicated above, in conformity with the theory of liability set forth in subparagraph (d) of paragraph XII."

Thus, the opinion expressly approves the retention in the complaint of allegations which would impose liability on an owner-defendant on both the theory of *respondeat superior* and on the negligent entrustment theory at the same time. The opinion indicates that if in the further course of that particular litigation the allegations of agency should be admitted by the defendants, then the allegations as to negligent entrustment would become irrelevant and prejudicial *in that case* and should be stricken upon motion then made. We understand the reasoning of the opinion to be that if responsibility of the owner-defendants for any negligence of their driver should be judicially established by an admission of agency, it would then be unnecessary for plaintiff to prove the owners also liable under the negligent entrustment theory. Therefore, allegations as to negligent entrustment would be rendered irrelevant by the admission of agency. At the same time these allegations would be prejudicial to defendants, since, while evidence of the driver's reputation for negligence or of his acts of negligence on prior unrelated occasions would not be competent to prove his negligence on the occasion of the plaintiff's injury, such evidence would be competent if the negligent entrustment theory was allowed to remain in the case, to show that the owners knew, or in the exercise of due care should have known, of the driver's reckless propensities. Implicit in the reasoning of the

opinion in the *Heath* case is the thought that if the defendants' admissions of agency rendered the allegation in the complaint as to negligent entrustment no longer necessary to serve some proper purpose of the plaintiff, then such allegations should be stricken in order to avoid possible prejudice to the defendants.

In the case presently before us, however, the allegations as to negligent entrustment have not been rendered immaterial by reason of the defendants' stipulation judicially establishing the owner-defendant's responsibility under the family purpose doctrine. In the present case the plaintiff has alleged that the owner-defendant knew or ought to have known that his son was driving his automobile in the area of the school in a careless, reckless, negligent and unlawful manner and in a manner likely to endanger the safety of children in and about said school, and that in spite of said knowledge the owner-defendant "knowingly, willfully, and wantonly," continued to permit his son to operate his automobile upon the public streets in and around said school without restriction and even altered the engine so as to increase the speed of the automobile. Thus, the plaintiff has not only alleged liability of the owner-defendant for compensatory damages on the negligent entrustment theory, but has further alleged facts which, if proved, would justify an award of punitive damages against the owner for his own wanton negligence. By admitting applicability of the family purpose doctrine, defendants have certainly not admitted any willfulness or wantonness on the part of the owner-defendant in continuing to entrust the vehicle to his minor son. Therefore, the defendants' stipulation did not render immaterial the plaintiff's allegations as to negligent entrustment. In *Heath v. Kirkman, supra,* while plaintiff had prayed for punitive as well as compensatory damages, the opinion expressly stated that "[t]he appeal does not present the question as to the sufficiency of the allegations to warrant submission of an issue of punitive damages," and that question was, therefore, not before the court in that case.

**[4]** Two years after the decision in *Heath v. Kirkman, supra,* the North Carolina Supreme Court for the first time dealt directly with the question whether the doctrine of punitive damages applied to an automobile collision case. In *Hinson v. Dawson,* 244 N.C. 23, 92 S.E. 2d 393, in an opinion also written by Bobbitt, J. (now C.J.), the Court pointed out that in general punitive damages may not be recovered in the absence of some intentional, malicious or willful act, but held that if the *facts* alleged justify the allegation (by way of conclusion) that the conduct was wanton, a proper basis was

furnished for submission of an issue as to punitive damages. The Court stated that "[c]onduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others."

**[3]** *Hinson v. Dawson, supra,* as does the case before us, presented a case in which plaintiff sued to recover for injuries to his intestate allegedly caused by the negligence of the driver-defendant, who was the son of the owner-defendant. Examination of the record on appeal reveals that in the complaint as originally filed plaintiff had alleged liability of the owner-defendant under the family purpose doctrine and sought to recover only compensatory damages. The defendants filed answer, admitting plaintiff's allegations under the family purpose doctrine. After a first trial and appeal to the Supreme Court, a partial new trial was ordered. Plaintiff then obtained permission to file an amended complaint. In his amended complaint the plaintiff repeated his allegations under the family purpose doctrine, and for the first time added allegations as to negligence of the owner-defendant in entrusting the automobile to his son and for the first time prayed recovery of punitive, as well as compensatory, damages. The trial court refused to allow the defendants' motion to strike the allegations and prayer relative to punitive damages as contained in the amended complaint. On appeal, the Supreme Court affirmed this ruling, pointing particularly to the allegations as to negligent entrustment. The result was that allegations as to negligent entrustment and punitive damages remained in the complaint even though defendants' admission of family purpose had judicially established liability of the owner-defendant for any negligence of the driver-defendant. We consider *Hinson v. Dawson, supra,* controlling in the case now before us, and hold that the trial court committed error in striking paragraphs 8 and 10, in striking the words "joint and concurring" from paragraph 11, and in rewriting paragraph 13 and the prayer for relief.

**[5, 6]** The trial court's order amending and rewriting paragraph 13 and the prayer for relief had the effect of eliminating allegations and prayer for recovery of punitive damages against the owner-defendant and also of striking out the allegations to the effect that conduct of both defendants constitutes one of the causes of action whereby a defendant may be arrested under the statutes of North Carolina. While it is appropriate for a plaintiff to allege in his complaint facts upon which the remedy of arrest may be sustained, *Long v. Love,* 230 N.C. 535, 53 S.E. 2d 661, an allegation that such facts "constitute one of the causes of action whereby a

defendant may be arrested" is merely a conclusion of law drawn by the pleader and ordinarily should not be included in the complaint. However, we point out that while the trial judge "can direct the plaintiff generally how he shall plead, he cannot plead for him," *Hensley v. Furniture Co.*, 164 N.C. 148, 80 S.E. 154, and it was error for the court to rewrite any part of plaintiff's complaint for him.

The order appealed from is

Reversed.

MALLARD, C.J., and BRITT, J., concur.