46511. TITTLE v. JOHNSON et al.

Deen, Judge. 1. Plaintiff sued Nellie Johnson as the owner and Lovie Leroy Johnson as the operator of an automobile which struck her husband, causing his death. General, special and punitive damages were sought, the latter on account of the alleged wilful and wanton negligence of the operator in driving in a grossly negligent and illegal manner while under the influence of intoxicants. The defendant owner admitted that the vehicle belonged to her, that she was sitting as a passenger in the front seat at the time, that she had specifically allowed her husband to drive and that he was driving at the time as her agent and under her direction and control. Under these admissions, the owner can contest only the allegations that her husband drove in a negligent manner, that if so his negligence was not such as to authorize an award of punitive damages against him, or that his conduct was not a proximate cause of the death of plaintiff's decedent. A verdict for the plaintiff supported by evidence on these issues would automatically subject her to the same liability for both compensatory and punitive damages. *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 166, 178 (48 SE2d 122).

2. By amendment the plaintiff added that "by reason of the fact that Nellie Johnson knew that Lovie Leroy Johnson was an habitual drunkard and had been arrested at least ten times for drunkenness. Nellie Johnson was guilty of negligent entrustment of said automobile to Lovie Leroy Johnson and should be held equally liable for the death of petitioner's husband." The negligent entrustment theory was attacked by motion to strike, motion for protective order and partial motion for summary judgment, the granting of which form the basis of this appeal and succinctly present the question of whether, where agency is admitted, the plaintiff has a right to seek damages directly from the principal, owner, or employer based on the primary negligence of such person in turning the instrumentality over to the actor when the principal knows or in the exercise of ordinary care should know that the actor will use it in a negligent manner. Reference is made to the excellent analysis of

this point by Judge Eberhardt in *Willis v. Hill,* 116 Ga. App. 848 (5) (159 SE2d 145) reversed on procedural grounds in *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281). In his dissent in the latter case Justice Mobley wrote: "Because of the procedural rulings made, the majority opinion did not decide the correctness of the ruling by the Court of Appeals that the defendant em ployer was entitled to have the trial of the case free from the prejudicial evidence of the previous reckless driving of the defendant employee, under the theory of negligent entrustment, where the defendant employer had admitted that the driver was its agent and that it was liable for any negligence of the driver. It is my opinion that the Court of Appeals correctly decided this issue." Re-examination of the authorities cited in the earlier case lead us to apply the same conclusion here. Obviously, the only reason for injecting a negligent entrustment theory into the lawsuit is to allow evidence of previous intoxication by the defendant husband, such evidence not being otherwise admissible, with the result of a possible increase in punitive damages against the owner. Such increased punitive damages could not be assessed against the operator since this allegation involves negligence of the owner only, but there is no provision in Georgia law for apportionment of damages between joint and several tortfeasors in personal injury cases. In the present state of our law the better rule would still appear to be that, the plaintiff having elected to sue the alleged tortfeasors jointly, and the defendant owner having elected to concede all issues relating to agency, which would include the family-car doctrine, evidence relating to former misconduct of the defendant driver not admissible against him should not be allowed to be pleaded and proved in support of a judgment against the owner, the owner having admitted her liability if the case against the operator stands and no judgment against the owner being possible unless the operator was in fact negligent so as to authorize a judgment against him.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
Argued October 4, 1971—Decided October 27, 1971.

*Guy B. Scott, Jr.,* for appellant.

708

*Erwin, Epting, Gibson & Chilivis, E. Davison Burch,* for appellees.