Linda Ann ELROD *v.* G & R CONSTRUCTION COMPANY

81-104                                    628 S.W. 2d 17

Supreme Court of Arkansas
Opinion delivered February 16, 1982

152

*Jacoway & Sherman,* by: *William F. Sherman,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee.

JOHN S. CHERRY, JR., Special Chief Justice. Plaintiff appeals from a jury verdict awarding her $5,000.00 compensatory damages and $1,000.00 punitive damages. She raises two issues on appeal. First, she urges reversal of the trial Court's refusal to allow her to go to the jury on two separate theories of recovery, i.e., respondeat superior and negligent entrustment. Second, she urges reversal of the trial Court's refusal to grant her motion for mistrial following an allegedly improper question of a witness by defense counsel. We affirm the trial Court's decision to allow the plaintiff to proceed on only the theory of respondeat superior, but reverse on other grounds.

At the time of the accident giving rise to this lawsuit, plaintiff, operator of a passenger vehicle, was stopped in a line of traffic that had developed because of a malfunctioning traffic light. Apparently, traffic was stopped in all directions and motorists were proceeding in-turn through the intersection. When it was plaintiff's turn to proceed, she moved forward too cautiously to suit the driver immediately behind her. Lemon Dye, who was immediately to plaintiff's rear, was operating a tractor-trailer owned by appellee and either pushed or struck plaintiff's vehicle from the rear with sufficient force to move it into the intersection so that Dye could effect a left turn. After striking or pushing plaintiff's vehicle into the intersection, Dye left the scene of the

accident. However, a witness to the accident followed Dye to appellee's place of business. The witness advised G & R's superintendent of that accident and the superintendent and the witness went to the accident scene.

Plaintiff, Linda Ann Elrod, sued Dye's employer, G & R Construction Company, for personal injuries. Plaintiff's complaint, as amended, sought recovery against G & R on two theories of liability and sought both compensatory and punitive damages under each theory. Plaintiff alleged that G & R was vicariously liable for Dye's negligent acts and willful and wanton conduct committed during the course and scope of his employment thereby entitling plaintiff to recover both compensatory and punitive damages. Plaintiff further alleged that she was entitled to compensatory and punitive damages against G & R because it either negligently or willfully and wantonly entrusted Dye with a motor vehicle to operate while employed by G & R.

In Chambers immediately prior to trial, G & R admitted that at the time of the accident complained of, Dye was its employee acting within the course and scope of his employment and further that G & R would be liable for any compensatory and/or punitive damages which the jury found plaintiff was entitled to recover. Following this admission, G & R moved to dismiss those portions of plaintiff's Amended Complaint which it sought to recover on the theory of negligent entrustment or willful and wanton entrustment. The Court granted this motion to dismiss as to plaintiff's second theory of recovery. Plaintiff made an offer of proof outside the hearing of the jury which offer consisted of Dye's traffic record over the last four years. The record indicated that Dye had been involved in some six motor vehicle accidents, two of which resulted in personal injury. The record also indicated that Dye had citations for failure to yield and unsafe operation of a vehicle unrelated to the accidents mentioned above. Dye's motor vehicle record did not indicate whether his negligence was the cause of any of the accidents referred to therein.

Following argument of counsel, the trial Judge ruled that when the employer admits agency, course and scope of

employment, and concedes liability for any damages which might be awarded for either the negligence or willful and wanton conduct of the employee, plaintiff could not pursue a separate claim of negligent or willful and wanton entrustment. Plaintiff recovered a jury verdict for $5,000.00 compensatory damages and $1,000.00 punitive damages.

When a defendant denies liability, no problem is encountered by allowing a plaintiff to proceed under two consistent theories of recovery such as respondeat superior and negligent entrustment. *Breeding* v. *Massey*, 378 F. 2d 171 (8th Cir. 1967); *Ozan Lumber Co.* v. *Neeley*, 214 Ark. 657, 217 S.W. 2d 341 (1949). However, when defendant admits liability under one of plaintiff's theories of recovery such as respondeat superior, difficulties do arise and the authorities are divided on the issue whether plaintiff should be allowed to proceed on one or both theories. See Woods, *Negligent Entrustment Revisited,* 30 Ark. L. Rev. 288 (1976); 74 Am. Jur. 2d, *Automobiles and Highway Traffic,* § 643 (1980). In view of this Court's holding in *Kyser* v. *Porter,* 261 Ark. 351, 548 S.W. 2d 128 (1977), we are inclined to follow the majority view which allows plaintiff to proceed on only one theory of recovery in cases where liability has been admitted as to one theory of recovery. In *Kyser,* plaintiff sought to recover from the parents of a minor who permitted their son to operate a vehicle and plaintiff based his claim upon both statutory liability of a parent pursuant to Ark. Stat. Ann. § 75-315 (Repl. 1979) and negligent entrustment. Though there was no claim for punitive damages, parents conceded liability under 75-315 and the Court prohibited plaintiff from pursuing his theory of negligent entrustment. Plaintiff's tender of the driving record of the minor was excluded and we said:

> Our cases hold that a negligent entrustor, though guilty of a separate tort, is only liable to a third party for his entrustee's negligence, if any. (cases cited) Thus, in the case at bar, had the appellant been allowed to present any available evidence on this theory of negligent entrustment to the jury, the end result could only have been established, at best, that the [defendant] was liable, . . .

Appellant argues that *Kyser* does not control because in that case, the Court was not presented with a claim for punitive damages. While appellant concedes that while *Kyser* represents a majority view, she urges that when a claim for punitive damages is made in connection with negligent entrustment, more Courts are accepting the view that plaintiff be allowed to proceed on both theories even when liability has been admitted.

The fact that appellee in this case admitted liability for both compensatory damages that might be awarded for its employee's negligent acts and punitive damages that might be awarded for its employee's willful and wanton misconduct distinguishes it from all those cases cited wherein both theories of recovery were allowed to be presented to the jury.

In this case, plaintiff was given the right to pursue her claim in its entirety, i.e., claims for both compensatory and punitive damages. Further in this case, plaintiff was allowed to introduce all proof that bore directly on her entitlement to recover both compensatory and punitive damages and the only evidence the trial court rejected was the prior driving record of G & R's employee, Dye. The potential problems and possible prejudice that could be created by the introduction of a prior bad driving record in our view outweigh any possible advantages. Moreover, for plaintiff in this case to have been entitled to punitive as well as compensatory damages from G & R on the theory of negligent entrustment plaintiff would have had to have proved that G & R not only negligently entrusted the vehicle to Dye, but also that G & R had willfully and wantonly entrusted the accident vehicle to Dye. Even in light of Dye's prior bad driving record, we can only surmise that in some of those instances, he may have negligently operated his motor vehicle. There is nothing in the record or in the offer of proof consisting of Dye's prior bad driving record which would have put the employer on notice or conceivably enabled the employer to foresee that Dye would commit a willful and wanton act or possibly an intentional act.

We affirm the trial Court dismissing that portion of the

Amended Complaint which sought to recover on negligent entrustment or willful and wanton entrustment adhering to the holding in *Kyser* and join the majority of courts that have dealt with this problem. However, we reverse the trial Court on the second issue raised by appellant.

The defense attorney, while questioning a witness who was a passenger in the plaintiff's car during the accident, said: "I believe you settled your case for two thousand dollars." The plaintiff moved for a mistrial. The trial Court denied the motion and, instead, admonished the jury. The remark was uncalled for and undoubtedly prejudiced the plaintiff's case. The excuse is that the plaintiff opened the door by questioning the witness about the extent of her injuries. The door certainly was not opened enough to permit such a statement by defense counsel. It was a statement rather than a question and the defendant's purpose was obvious — the jury was meant to infer that $2,000.00 would be enough for the plaintiff. Offers of compromise or settlement are not admissible. Ark. Stat. Ann. § 28-1001, Rule 408 (Repl. 1979); 2 *Weinstein's* par. 408 [06] (1981).

The trial Court should have granted plaintiff's motion for a mistrial. Realizing that declaration of a mistrial is a drastic step, we feel that in this case no admonition of the jury by the Court would have been sufficient to eliminate any possible prejudice which might have resulted to plaintiff by the statement referring to the offer of settlement.

Reversed and remanded.

PURTLE, DUDLEY and HAYS, JJ., dissent.

ADKISSON, C.J., not participating.

STEELE HAYS, Justice, concurring in part, dissenting in part. I disagree with that part of the majority opinion which denies to the plaintiff the right to introduce evidence of the driving history of an employee where punitive damages against the employer is an issue. The majority opinion purports to follow the majority view "which allows the plaintiff to proceed on only one theory of recovery in cases

where liability has been admitted as to one theory of recovery." But that does not reach the issue of this case at all. That issue was settled, sensibly, in *Kyser* v. *Porter*, 261 Ark. 351, 548 S.W. 2d 128 (1977). But in *Kyser, only* compensatory damages were sought. Here the plaintiff is claiming punitive damages from the employer, based on allegations of wanton misconduct by the employer, so how can he be denied the opportunity to prove those allegations?

Where there is a valid claim against an employer, a parent or other entrustor for punitive damages in the wanton entrustment of a dangerous instrumentality to someone incompetent to justify that trust, the injured party is entitled to have the evidence supporting that theory submitted to the jury, if the evidence is such that reasonable minds could reach differing results. The exact issue presented here was decided affirmatively by United States District Judge Gordon E. Young in a thoughtful and well-reasoned opinion which the Court of Appeals for the Eighth Circuit upheld. See *Breeding* v. *Massey*, 378 F. 2d 171 (1967). To the same effect see *Plummer* v. *Henry*, 7 NC App. 84, 171 S.E. 2d 330 (1969). Both the District Court and the Court of Appeals in *Breeding,* after reviewing Arkansas decisions in the general fields of negligent entrustment and punitive damages expressed the conviction that the Arkansas Supreme Court would, if presented with the question, permit the issue of punitive damages to be submitted to the jury. We are not bound by those assumptions, of course, but the merit of their reasoning deserves at least the attention of the majority opinion.

The result reached here cannot be justified by the argument that a plaintiff cannot complain if he is compensated for all the damages caused by an employee, including punitive damages, for willful and wanton misconduct. The error of that lies in the rationale for punitive damages: such damages are recoverable in appropriate cases not to compensate the injured party but to exemplify the conduct of the wrongdoer. The purpose is to deter others from like conduct. *Ray Dodge* v. *Moore,* 251 Ark. 1036, 479 S.W. 2d 518 (1972); *Dunaway* v. *Troutt,* 232 Ark. 615, 339 S.W. 2d 613 (1960).

The effect of this decision is that no matter how culpable the conduct of one who entrusts to another the means of injury to third persons, such entrustor cannot incur direct liability for punitive damages and can prevent evidence of wanton misconduct from being considered by the jury by the simple expediency of admitting agency or entrustment. I can see no logic in this holding.

PURTLE and DUDLEY, JJ., join.