Colonel T.L. Goodwin, Director Arkansas State Police #3 Natural Resources Drive P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion concerning a minor's application for a driver's license. Specifically, you describe a situation in which an exchange student from Germany wishes to obtain an Arkansas driver's license. You have noted that the student's host family is unwilling to sign for or accept liability for the student.* See A.C.A. 27-16-702 (Supp. 1989). It is your understanding that the student's natural parents, who reside in Germany, are willing to sign the driver's license application if sent. Your concern is whether their signature would "insure and satisfy the liability requirements of our statutes." _____________. * In fact, they are ineligible to sign under Arkansas law. See Jones v. Davis, 300 Ark. 130 (1989). ___________.
The relevant statutory provision, as noted above, is A.C.A.27-16-702 (Supp. 1989), which provides in pertinent part as follows:
 (a)(1) The original application of any person under the age of eighteen (18) years for an instruction permit, operator's license, or motor-driven cycle or motorcycle license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if either is living or has custody. In the event neither parent is living, then the application shall be signed by the person or guardian having custody or by an employer of the minor. In the event there is no guardian or employer, then the application shall be signed by any other responsible person who is willing to assume the obligations imposed under this subchapter upon a person signing the application of a minor.
. . .
(b) Any negligence or willful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a permit or license, which person shall be jointly and severally liable with the minor for any damages caused by negligence or willful misconduct.
The purpose of this statute is to "insure financial responsibility for a minor's use of a vehicle" (Kyser v. Porter, 261 Ark. 351,548 S.W.2d 128 (1977)), and the intent is to impute the negligence of a minor to the parents. Garrison v. Funderburk, 262 Ark. 711,561 S.W.2d 73 (1978).
The statute on its face does not require that the parent signing the application be a resident of the State of Arkansas or of the United States. There is simply no mention made in the statute of residency. The statute does, however, mention CUSTODY of the minor. The statute provides that the application shall be signed by "either the father or mother . . . if either is living or has custody." It is unclear whether this language requires that the signing parent have custody of the applicant. The phrase seems to require that one parent EITHER be living in order to sign, OR be dead and have custody. This is plainly an absurd reading of the statute. Perhaps, then, the statute can be read simply to require that either parent sign. This construction does not, however, give any significance or meaning to the words "or has custody." A statute will be construed, if possible, so as to give effect to every word, and any construction which would render meaningless one or more clauses of the act is to be avoided. Second Injury Fund v. Yarbrough, 19 Ark. App. 354, 721 S.W.2d 686 (1986). It is thus my opinion that the statute should be read as requiring the signature of "either the father or the mother . . . if either is living AND has custody." This construction reads the word "or" as "and." It has been stated that the use of the words "or" and "and" interchangeably in a statute is permissible only where the context requires it to effectuate the legislative intent, or where not to do so would render the meaning ambiguous or result in an absurdity. Hines v. Mills, 187 Ark. 465, 60 S.W.2d 181 (1933). See also Shinn v. Heath, 259 Ark. 577, 535 S.W.2d 57 (1976) (stating that to carry out the general purpose and intent of a statute, the words "and" and "or" are convertible).
Additionally, reference to the legislative history of the statute may be helpful. Prior to the 1987 amendment (see Act 409 of 1987), the statute provided that the application was to be signed by both the mother and the father if "both are living and have custody." Clearly, under the old statute, custody of the minor was required. It is my opinion that the 1987 act was not intended to change this aspect of the statute. The statute assumes, however, both in its amended and unamended form, that if the parent or parents are living, they will have custody. This becomes apparent by the next clause of the statute, which states that if neither parent is living, then several other persons may be authorized to sign. It does not say that if neither parent has custody, these other persons may sign. There is thus a loophole in the statute for minors whose parents are living but who do not have custody of him. No one under the statute is authorized to sign for these minors.
But what does the word "custody" entail? It is unclear whether "custody" means actual care, supervision, and control, or "legal custody," meaning a LEGAL RIGHT to provide care, supervision and control. It is clear that currently the exchange student's parents do not have actual control and supervision over their teenager, because they reside in Germany. They presumably have legal custody of their child, however, even though the minor is presently residing in the United States as an exchange student.
We have found no definitions of the word "custody" which are particularly helpful in this situation. We think it reasonable to conclude, however, that if a parent is living and has legal custody of a minor child, whether or not he or she has actual custody, he or she is authorized to sign the application under A.C.A. 27-16-702. The statute does not make the imputation of liability upon any action a parent with actual control and supervision might take with respect to the child. The liability is imputed without regard to any action of the parent. See A.C.A.27-16-702(b). We can thus perceive of no reason why the parent should be required to have actual custody before being allowed to sign the application.
It is thus my opinion, in light of all of the foregoing, that if the exchange student's parents have legal custody of their minor child, there is no impediment in the language of the statute to their signing the application. Nothing in the language of the statute seems to disallow their signature. It might be argued, however, that their signature would not fulfill the purpose of the statute, which is to ensure financial responsibility for any negligent or willful action of the minor. This is true because of the minor is involved in an accident, and is sued for the results of his or her conduct, and his parents are joined in the action, they may be able to successfully avoid suit based upon a lack of proper personal jurisdiction over them in Arkansas. It is unclear whether personal jurisdiction would be attainable over the exchange student's German parents. It is my opinion, however, that this fact is not controlling as to the question of whether their signature satisfies the requirements of our statute. Many parents or other persons who sign these applications may eventually successfully defend actions brought against them due to the conduct of their minor children. This fact does not render them ineligible to sign. It may be argued that as a practical matter, however, in most of these suits the outcome is unclear at the time of the signature on the application, whereas in the instant case, it may be determinable at the time of the signing that suit may never successfully be maintained.
The answer to your question is thus technically "yes." This conclusion must be read, however, in light of the fact that ultimately, the purpose of the statute, which is to ensure financial responsibility for an accident may not be achieved in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.