**Leotha HACKETT, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 88–2671.**

United States District Court, District of Columbia.

April 17, 1990.

Dharma Devarajan, Washington, D.C., for plaintiff.

Kim D. Brooks, Asst. Gen. Counsel, Washington, D.C., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This matter is before the Court on the Motion to Dismiss plaintiff's claim for negligent supervision, hiring and retention filed by defendant Washington Metropolitan Area Transit Authority ("WMATA").

After careful consideration of the motion, the opposition thereto, and the entire record in this case, the Court concludes that the motion should be granted.

This personal injury suit arises out of a collision between a WMATA bus being operated by WMATA's employee, Anthony Robins ("Robins"), and a motor vehicle owned by a third party. At the time of the accident, plaintiff Leotha Hackett ("Hackett") was a passenger on the bus. The complaint alleges that the collision was caused by the negligence of both WMATA and the bus driver, Robins, who was operating the bus on behalf of WMATA and was acting within the scope of his employment. Hackett asserts that the driver "failed to avoid an accident which could have been avoided in the exercise of reasonable care." WMATA admitted in its answer to the complaint that Robins was operating the bus within the scope of his employment.

In her complaint, Hackett raises claims of both respondeat superior and negligent entrustment. The complaint further alleges that Hackett's injuries are a direct and proximate result of the direct and vicarious negligence of WMATA and the direct negligence of Robins. The claim which is at issue in this motion is contained in paragraph 5(H) of the complaint. There Hackett states that WMATA's negligence consisted of its "failure to properly investigate ... Robin's background/training before hiring, improper retention of ... Robins as driver/operator, servant and/or employee, and improper supervision of [Robins][.]"

In its motion, WMATA argues that Hackett's negligent hiring, supervision and retention claim should be dismissed in order to protect WMATA from unfair prejudice where, as here, WMATA admits that its employee was working within the scope of his employment. WMATA concedes that by admitting that its employee, Robins, was operating the bus within the scope of his employment, it is legally responsible for Robins' actions under the principle of respondeat superior. Therefore, WMATA argues that if Hackett can establish that Robins was negligent, such negligence is imputed to the employer and liability attaches. With respect to the negligent entrustment claim, Hackett must prove that Robins' negligence caused the accident in addition to proving WMATA's negligence in the hiring, supervision, and retention of the driver. This being the case, WMATA argues that the negligent entrustment claim is unnecessary, prejudicial and redundant.

The gravamen of this motion is the admissibility of evidence of Robins' past driving record. Such evidence would be admissible to prove the negligent entrustment claim, but not the respondeat superior claim. In WMATA's view, Hackett should not be allowed to proceed on these alternative theories of liability where, as here, agency has been conceded because it would be unfairly prejudicial to the defendant. Since this issue has not been decided in the District of Columbia, WMATA relies on case law from other jurisdictions, including *Houlihan v. McCall*, 197 Md. 130, 78 A.2d 661 (1951). In *Houlihan*, the Maryland Court of Appeals held that where the defendant employer admitted that the truck driver was its employee, it was improper to admit evidence of the driver's past driving record which was offered in support of the alleged negligence of the employer in selecting or retaining a driver known to be incompetent and reckless. The court observed that as agency had been admitted, it was necessary only to prove negligence on the part of the driver, and it was quite unnecessary to pursue the alternative theory of negligent entrustment, in order to hold the corporate defendants liable. *Houlihan v. McCall*, 78 A.2d at 664–666. The court felt that permitting proof of previous misconduct would only serve to inflame the jury and result in the "danger that the jury might draw the inadmissible inference that because the [driver] had been negligent on other occasions he was negligent at the time of the accident." *Id.* at 665. Other jurisdictions which have addressed the issue hold similarly. *See, e.g., Breeding v. Massey*, 378 F.2d 171 (8th Cir. 1967); *Hood v. Dealers Transport Co.*, 459 F.Supp. 684 (N.D.Miss.1978); *Elrod v. G & R Constr. Co.*, 275 Ark. 151, 628 S.W.2d 17

(1982); *Tittle v. Johnson,* 124 Ga.App. 706, 185 S.E.2d 627 (1971); *Plummer v. Henry,* 7 N.C.App. 84, 171 S.E.2d 330 (1969). These cases persuasively support WMATA's contention that a plaintiff may not proceed against the owner of a motor vehicle under a theory of negligent hiring or retention where the owner admits that the driver was operating the vehicle within the scope of his employment.

In opposition, Hackett contends that she should be allowed to proceed under the theories of both respondeat superior and negligent entrustment because the theories are not mutually exclusive. While acknowledging that problems may arise by admitting evidence of a driver's prior driving record where it would not ordinarily be permitted to support plaintiff's negligence theory, Hackett attempts to distinguish this case from the line of cases proffered by WMATA by arguing that a plaintiff should not be denied the right to nevertheless try its case on alternative theories where additional liability is available with a proper punitive damages claim. Hackett relies on *Clooney v. Geeting,* 352 So.2d 1216 (Fla.App.1977), for this proposition.

*Clooney v. Geeting* presented a factual situation similar to the instant action. Appellant was injured in an automobile accident and brought suit against, *inter alia,* the truck driver and the truck owner. The complaint therein included claims against the truck owner for respondeat superior, negligent hiring and employment, and punitive damages. The truck owner similarly did not deny ownership of the truck or that the driver's use of the truck had been authorized. The court found that both the punitive damages and negligent entrustment claims had been properly stricken by the trial court. First, the court held that appellant's allegations that the truck owner knew that the driver was neither physically nor mentally able to properly drive the truck and that its safety manager had pointed this out prior to the accident were insufficient to show necessary malice or wanton, willful or outrageous conduct required to support appellant's claim for punitive damages. *Clooney v. Geeting,* 352 So.2d at 1219. Referring to the same con-

siderations raised by WMATA, the court further held that since there was an insufficient pleading as a predicate for punitive damages and agency was admitted by the truck owner, the negligent hiring and employment claim was also properly stricken by the trial court on grounds of prejudice. *Id.* at 1219–1220. In relying on *Clooney v. Geeting,* Hackett presumably contends that the instant complaint encompasses a proper punitive damages claim.

WMATA appears not to quarrel with the holding in *Clooney v. Geeting* or Hackett's argument that where additional liability is available, a plaintiff should be allowed to proceed on the alternative theories of respondeat superior and negligent entrustment. Instead, WMATA contends that Hackett's reliance on *Clooney v. Geeting* is misplaced because the complaint herein does not raise a punitive damages claim and, thus, the negligent entrustment claim does not provide additional liability and should be dismissed. Thus, the question before the Court is whether the negligent entrustment claim imposes additional liability in the form of punitive damages such that it should not be dismissed.

Under the law of the District of Columbia, punitive damages are awardable only where a defendant's conduct is willful and outrageous, constitutes gross fraud, or is aggravated by evil motive, actual malice, deliberate violence or oppression. *Mariner Water Renaturalizer of Washington, Inc. v. Aqua Purification Systems, Inc.,* 665 F.2d 1066, 1071 (D.C.Cir.1981) (per curiam). The negligent hiring, retention and supervision claim falls far short of this standard. In fact, Hackett has not set forth any specific factual circumstances to support this claim in her complaint. She merely contends that WMATA failed to properly investigate Robin's background and training before hiring him, and improperly retained and supervised Robins as driver/operator, servant and/or employee. Moreover, with respect to allegations of willful, deliberate or fraudulent conduct by WMATA, the complaint is entirely lacking. Hackett's claims, thus, amount only to allegations of negligence. Even if it could be said that

these allegations establish an adequate foundation for gross negligence, they would still be insufficient to support an award for punitive damages. *Wager v. Pro*, 603 F.2d 1005, 1011 (D.C.Cir.1979). Accordingly, Hackett has not set forth sufficient facts to legally support an award of punitive damages. It therefore follows that Hackett's negligent hiring, supervision and retention claim, which does not impose any additional liability, would be prejudicial and unnecessary and should be dismissed.

An appropriate Order has been filed.