The Honorable Mike Creekmore State Representative 1837 Scotch Pine Lane Hensley, AR 72056
Dear Representative Creekmore:
I am writing in response to your request for an opinion concerning the right of a parent to sign the application for an instruction (driving) permit for her minor child. According to correspondence attached to your request, a constituent tried to sign the application for her daughter while the daughter was with her for summer visitation and was initially told that she could legally sign. She subsequently learned, however, that the Department of Finance and Administration (DFA) had advised that she could not sign. You have asked for clarification of this matter.
RESPONSE
State law requires that a parent who is "living and has custody" must sign the application for an instruction permit. This language is found in A.C.A. § 27-16-702, wherein it provides in pertinent part:
 (a)(1)(A) The original application of any person under the age of eighteen (18) years for an instruction permit, driver's license, or motor-driven cycle or motorcycle license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if either is living and has custody.
 (B) In the event neither parent is living or has custody, then the application shall be signed by the person or guardian having custody or by an employer of the minor.
 (C) In the event there is no guardian or employer, then the application shall be signed by any other responsible person who is willing to assume the obligations imposed under this subchapter upon a person signing the application of a minor.
A.C.A. § 27-16-702 (Supp. 2001) (emphasis added).
This language is very clear in requiring the signature of a custodial parent.[1] It appears from the information you have submitted that the father has custody of the minor who was applying for an instruction permit in this instance, and that the mother has visitation rights. It is therefore my opinion that DFA was correct in advising that the mother could not sign the application. This is a state law requirement, the purpose of which is to" insure financial responsibility for a minor's use of a vehicle." Kyser v. Porter, 261 Ark. 351, 548 S.W.2d 128 (1977). The State has apparently determined that this purpose is best served by requiring the signature of the custodial parent.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The term "custody" in this statute has previously been interpreted to mean "legal custody." See Op. Att'y Gen. 89-378.